## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No.:  1:21-cv-02486-RMR

ERIC PICKERSGILL,

     Plaintiff,

vs.

OUTREACH, INC. and TODD
HARNESS,

     Defendants.

---

## DEFENDANTS OUTREACH, INC. AND TODD HARNESS' ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT

Defendants Outreach, Inc. and Todd Harness ("Defendants") hereby submit their Answer and Affirmative Defenses in response to the Complaint of Eric Pickersgill ("Plaintiff"). The numbered paragraphs in this Answer correspond to the numbered paragraphs of Plaintiff's Complaint. Headings used by Plaintiff in this Complaint are restated here for ease of reference, but no admission is made thereby.

### ANSWER TO COMPLAINT

To the extent not expressly admitted below, Defendants deny each and every allegation in the Complaint, including but not limited to implied allegations, and that Plaintiff is entitled to any relief and any monetary recovery in any amount.

///

## SUMMARY OF THE ACTION

1.      Responding to Paragraph 1, Defendants admit only that Plaintiff purports to bring this action for violation of the Copyright Act. Defendants deny the remainder of the allegations in Paragraph 1.

2.      Responding to Paragraph 2, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this Paragraph, and therefore deny the same.

3.      Responding to Paragraph 3, Defendants deny that Outreach, Inc. ("Outreach") is a "marketing company." Defendants admit only that Outreach is a non-denominational ministry that, among other things, supplies churches with religious mailers, banners, and signs.

4.      Responding to Paragraph 4, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this Paragraph, and therefore deny the same.

5.      Responding to Paragraph 5, Defendants admit only that Outreach and Todd Harness are named defendants in this action.  Defendants deny the remainder of the allegations in Paragraph 5.

6.      Responding to Paragraph 6, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this Paragraph, and therefore deny the same.

## JURISDICTION AND VENUE

7.      Responding to Paragraph 7, Defendants admit only that Plaintiff purports to bring an action for violation of the Copyright Act.

8.      Responding to Paragraph 8, this paragraph sets forth a legal conclusion and/or question of law, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to

form a belief as to the truth of the allegation set forth in this Paragraph, and therefore deny the same.

9.      Responding to Paragraph 9, this paragraph sets forth a legal conclusion and/or question of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation set forth in in Paragraph 9, and therefore deny the same.

10.     Responding to Paragraph 10, this paragraph sets forth a legal conclusion and/or question of law, to which no response is required.  To the extent a response is required, Defendants admit only that they conduct business in this judicial district. As to any remaining allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore deny the same.

## DEFENDANTS

11.     Responding to Paragraph 11, Defendants admit that Outreach, Inc. is a Colorado Corporation, with its principal place of business at 5550 Tech Center Drive, Colorado Springs, Colorado, 80919.  Defendants further admit that Steve Foster is the registered agent for Outreach, Inc. As to any remaining allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore deny the same.

12.     Responding to Paragraph 12, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this Paragraph, and therefore deny the same.

## THE COPYRIGHTED WORKS AT ISSUE

13.     Responding to Paragraph 13, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this Paragraph, and therefore deny the same.

14.     Responding to Paragraph 14, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this Paragraph, and therefore deny the same.

15.     Responding to Paragraph 15, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this Paragraph, and therefore deny the same.

## INFRINGEMENT BY DEFENDANTS

16.     Responding to Paragraph 16, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this Paragraph, and therefore deny the same.

17.     Responding to Paragraph 17, Defendants deny that they copied any copyrighted works.  As to any remaining allegations, Defendants lack knowledge or information sufficient to form a belief, and therefore deny the same.

18.     Responding to Paragraph 18, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this Paragraph, and therefore deny the same.

19.     Responding to Paragraph 19, Defendants deny that they copied any copyrighted works.  As to any remaining allegations, Defendants lack knowledge or information sufficient to form a belief, and therefore deny the same.

20.     Responding to Paragraph 20, Defendants deny that they copied and distributed any copyrighted works.  As to any remaining allegations, Defendants lack knowledge or information sufficient to form a belief, and therefore deny the same.

21.     Responding to Paragraph 21, Defendants deny that they copied and distributed any copyrighted works.  As to any remaining allegations, Defendants lack knowledge or information sufficient to form a belief, and therefore deny the same.

22.     Responding to Paragraph 22, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this Paragraph, and therefore deny the same.

23.     Responding to Paragraph 23, this Paragraph sets forth legal conclusions and/or questions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in this Paragraph.

24.     Responding to Paragraph 24, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this Paragraph, and therefore deny the same.

25.     Responding to Paragraph 25, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this Paragraph, and therefore deny the same.

## COUNT 1: COPYRIGHT INFRINGEMENT

26.     Responding to Paragraph 26, Defendants repeat and incorporate by reference, as though fully set forth, their responses to Paragraphs 1 through 25 of the Complaint.

27.     Responding to Paragraph 27, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 1, and therefore deny the same.

28.     Responding to Paragraph 28, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 1, and therefore deny the same.

29.     Responding to Paragraph 29, this Paragraph sets forth a legal conclusion and/or question of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in this Paragraph.

30.    Responding to Paragraph 30, Defendants deny each and every allegation in this Paragraph.

31.    Responding to Paragraph 31, this Paragraph sets forth a legal conclusion and/or question of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in this Paragraph.

32.    Responding to Paragraph 32, this Paragraph sets forth a legal conclusion and/or question of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in this Paragraph.

33.    Responding to Paragraph 33, this Paragraph sets forth a legal conclusion and/or question of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in this Paragraph.

## RESPONSE TO PRAYER FOR RELIEF

The Prayer for Relief in the Complaint sets forth legal conclusions to which no response is required.  Defendants deny that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state facts sufficient to state a claim on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff lacks standing to bring or maintain this action or obtain the relief sought.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.  17 U.S.C.A. § 507(b).

## FOURTH AFFIRMATIVE DEFENSE

### (*De Minimis Non Curat Lex*)

Plaintiff's claims are barred by the doctrine of *de minimis non curat lex*.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff unreasonably delayed in bringing this action to the prejudice of Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel and Waiver)

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and waiver because Plaintiff has consented to or acquiesced in the conduct which forms the basis of his claims.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's claims are barred, in whole or in part, because Plaintiff had a duty to take reasonable steps to mitigate and/or avoid the alleged damages and failed to do so or delayed unreasonably in doing so.  Had Plaintiff timely and diligently

mitigated his alleged damages, such damages would have been reduced or avoided altogether.

## NINTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Others)

Plaintiff's claims are barred, in whole or in part, because no act or omission of Defendants' was a substantial or contributing factor in bringing about the damages alleged and because any alleged acts or omissions of Defendants were superseded by the acts or omissions of others, including Plaintiff or third parties not named in the Complaint, which were the independent, intervening, and proximate cause of the damage or loss allegedly sustained by Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (Fair Use)

Plaintiff's claims are barred by the doctrine of Fair Use.  17 U.S.C.A. § 107

## ELEVENTH AFFIRMATIVE DEFENSE

### (License or Authorization)

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's implied or express license and authorization of Defendants to use the Photograph.

## TWELFTH AFFIRMATIVE DEFENSE

### (Innocent Infringer)

If and to the extent any work of Plaintiff's was infringed, Defendants acted in good faith and innocent of any knowledge or intent to infringe Plaintiff's rights. Defendants' good faith and lack of intent bars any finding of liability against Defendants or, in the alternative, requires a corresponding reduction of any damages awarded to Plaintiff.  17 U.S.C.A. § 405(b).

///

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Notice)

Plaintiff's claims are barred because Plaintiff failed to properly mark the alleged copyrighted material and failed to provide Defendants with notice of the alleged infringement.  17 U.S.C.A. § 405(b).

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Invalid Copyright)

Plaintiff's claims are barred because, and to the extent that, the purported copyright registration is invalid, properly subject to invalidation, void, and/or unenforceable based upon deficiencies in registration for which further investigation and/or discovery is likely to provide evidentiary support.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Scenes a Faire)

Plaintiff's claims are barred by the doctrine of *scenes a faire*.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Misuse)

Plaintiff's claims are barred, in whole or in part, by the doctrine of copyright misuse because Plaintiff is attempting to enforce his copyright beyond its lawful scope.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Copyrighted Work Not Original to Plaintiff)

Plaintiff's copyrights, including any registrations therein are invalid because they claim material originally developed by persons other than Plaintiff.

///

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Public Domain)

The work that Plaintiff claims has been infringed is not entitled to copyright protection because the work is in the public domain and/or does not constitute copyrightable subject matter.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Abandonment)

Plaintiff's claims are barred because Plaintiff has abandoned any and all rights that Plaintiff may have or had to the copyright in question.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Timely Register)

Plaintiff failed to timely register the purported copyright asserted in the Complaint and is therefore precluded from seeking statutory damages or attorney's fees.  17 U.S.C.A. § 412.

## **PRAYER FOR RELIEF**

Defendants pray for judgment against Plaintiff as follows:

1.      That Plaintiff take nothing by virtue of the Complaint;

2.      That the Complaint be dismissed with prejudice;

3.      For an award of costs, including attorney's fees, in Defendants' favor; and,

4.      For such other relief as the Court may deem appropriate.

///

## **JURY DEMAND**

Defendants demand a trial by jury on all issues so triable.  Fed. R. Civ. P. 38(b).


Dated:  November 22, 2021          GORDON REES SCULLY
                                   MANSUKHANI, LLP

                                   By:   /s/ *Craig J. Mari*am
                                         Craig J. Mariam
                                         555 17th Street, Unit 3400
                                         Denver, Colorado 80202
                                         Phone: (213) 576-5000
                                         Fax: (877) 306-0043

                                         Attorneys for Defendants
                                         OUTREACH INC. and TODD
                                         HARNESS

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below, this the 22nd day of November, 2021 addressed to:

Jonah Adam Grossbardt, Esq.
SRIPLaw-Los Angeles
8730 Wilshire Boulevard, Suite 350
Los Angeles, CA 90211
Tel: 323-364-6565
Fax: 561-404-4350
Email: jonah.grossbardt@sriplaw.com

/s/ *Craig J. Mariam*
Craig J. Mariam